[Cite as *State v. Thornton*, 2022-Ohio-4203.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 111347 |
| v. | : | |
| BENNIE THORNTON, JR., | : | |
| Defendant-Appellant | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 23, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-656948-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Andrew Rogalski, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Bennie Thornton, Jr. ("Thornton"), raising a single assignment of error, argues that the Reagan Tokes Law is unconstitutional and,

therefore, his sentence imposed under that law is invalid. We must follow *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), and, as such, find that the Reagan Tokes Law is constitutional and affirm the lower court's sentence.

**Factual and Procedural History**

{¶ 2} On March 5, 2021, in Cuyahoga C.P. No. CR-21-656948-A, a Cuyahoga County Grand Jury indicted Thornton on Count 1, murder in violation of R.C. 2903.02(A); Count 2, murder in violation of R.C. 2903.02(B); Count 3, felonious assault in violation of R.C. 2903.11(A)(1); and Count 4, felonious assault in violation of R.C. 2903.11(A)(2).

{¶ 3} On March 10, 2021, Thornton pleaded not guilty to the indictment. On January 19, 2022, the trial court held a change-of-plea hearing. The court explained the maximum potential penalties Thornton faced. After engaging Thornton in a Crim.R. 11 colloquy, Thornton retracted his former pleas of not guilty and the trial court accepted his guilty plea. Thornton pleaded guilty to amended Count 1, voluntary manslaughter, a felony of the first degree. The state nolled Counts 2 through 4.

{¶ 4} On February 16, 2022, the trial court sentenced Thornton to an indefinite sentence pursuant to the Reagan Tokes Law. Specifically, the court sentenced Thornton to a minimum prison term of 11 years and a maximum prison term of 16 years, 6 months on the underlying offense as well as postrelease control.

{¶ 5} On March 14, 2022, Thornton filed a timely notice of appeal presenting a single assignment of error for our review:

Assignment of Error 1. As amended by S.B. 201, the Revised Code's sentences for first- and second-degree qualifying felonies violate the constitutions of the United States and the State of Ohio; accordingly, the trial court plainly erred in imposing a S.B. 201 indefinite sentence.

**Legal Analysis**

{¶ 6} In his sole assignment of error, Thornton argues that his indefinite sentence under the Reagan Tokes Law, enacted under S.B. 201 and R.C. 2901.011, is unconstitutional because it violates his constitutional right to a jury trial, the separation-of-powers doctrine, and his due process rights.

{¶ 7} This court's en banc decision in *Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), overruled Thornton's challenges to S.B. 201 that are presented in this appeal. Therefore, we are constrained to find that Thornton's sentence pursuant to the Reagan Tokes Law was not a violation of his constitutional rights and his assignment of error is overruled.

{¶ 8} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, A.J., and
LISA B. FORBES, J., CONCUR


N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).